# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| TERRANCE LAVELL KIRKSEY,<br><br>                Plaintiff,<br><br>v.<br><br>KENOSHA COUNTY DETENTION CENTER, DAVID BETH, LIEUTENANT BILL BETH, A. DEAN, G. KONKEN, J. OENNING, and M. SCHULTZ,<br><br>                Defendants. | Case No. 19-CV-602-JPS<br><br>**ORDER** |

On April 25, 2019, Plaintiff, a prisoner proceeding *pro se*, filed a complaint and a motion for leave to proceed without prepayment of the filing fee. (Docket #1, #2). In an order dated June 18, 2019, the Court directed Plaintiff to pay an initial partial filing fee ("IPFF") of $21.40, based on the three months of prisoner trust account statements that immediately preceded the filing of the complaint. (Docket #6). On July 2, 2019, Plaintiff filed a motion to waive the IPFF, attaching additional prisoner trust account statements for the months of May and June, which reflect much lower balances. (Docket #7). Effectively, Plaintiff had one large deposit when he first entered prison, which comprised all of his finances. *Id.* He has had a zero-balance for the last four months. The Court will therefore waive the initial partial filing fee, with the caveat that if and when Plaintiff begins receiving money, he will be charged in accordance with the terms of 28 U.S.C. § 1915(b)(2) (explained below).

With that issue disposed of, the Court will proceed to screen Plaintiff's complaint. The Court shall screen complaints brought by

prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109–10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the Court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. Section 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff is a pre-trial detainee at the Kenosha County Detention Center ("KCDC") in Kenosha, Wisconsin. (Docket #1 at 2). He claims that on January 16, 2019, he was "forced to work without consent and compensation [even though he was] not sentenced to a crime." *Id.* When he protested, he was taken to disciplinary segregation, where he was confined

for three days. He claims that after this, he was forced to clean on several other occasions without his consent or compensation, under threat of disciplinary segregation. This caused him severe mental disturbances and led him to self-harm. He does not allege that any of the named defendants ignored his self-harm efforts.

The Thirteenth Amendment prohibits slavery and involuntary servitude "except as a punishment for crime whereof the party shall have been duly convicted." U.S. Const. amend. XIII, § 1. Involuntary servitude is defined as "a condition of servitude in which the victim is forced to work. . .by the use or threat of physical restraint or physical injury, or by the use or threat of coercion through law or the legal process." *United States v. Kozminski*, 487 U.S. 931, 952 (1988). Under the Thirteenth Amendment, pre-trial detainees cannot be subject to involuntary servitude. *McGarry v. Pallito*, 687 F.3d 505, 511–12 (2d Cir. 2012) (finding that a plaintiff stated a claim under the Thirteenth Amendment when he alleged that jail officials threatened him with solitary confinement if he did not work in the prison laundry); *but see Bijeol v. Nelson*, 579 F.2d 423, 424 (7th Cir. 1978) (holding that "[d]aily general housekeeping responsibilities are not punitive in nature and for health and safety must be routinely observed[.]").

Plaintiff alleges that, prior to any adjudication of guilt, he was forced to work against his will on several occasions for no compensation, under threat of disciplinary segregation if he did not cooperate. Plaintiff does not say what he was forced to clean, but the Court, at this stage, is obliged to liberally construe the pleadings. Therefore, Plaintiff may proceed on his claim of involuntary servitude in violation of the Thirteenth Amendment.

Relatedly, "under the Due Process Clause [of the Fourteenth Amendment], a detainee may not be punished prior to an adjudication of

guilt in accordance with due process of law." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). While the government may detain the inmate "to ensure his presence at trial," the government must also ensure that the detention facility's "conditions and restrictions do not amount to punishment[.]" *Id.* at 536–37. Accordingly, "[t]he state cannot place a detainee in segregation for no reason[.]" *Zarnes v. Rhodes*, 64 F.3d 285, 291 (7th Cir. 1995) (citing *Hawkins v. Poole*, 779 F.2d 1267, 1269 (7th Cir. 1985)).

Plaintiff alleges that when he refused to clean, he was summarily punished in disciplinary segregation for three days for no other reason than that he attempted to assert his Thirteenth Amendment right. Generously construed, Plaintiff has also stated a claim for a violation of his Fourteenth Amendment right to be free from punishment without due process of law.

Plaintiff may therefore proceed on two claims: (1) a Thirteenth Amendment claim for involuntary servitude; and (2) a Fourteenth Amendment claim that he was punished without due process of law.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*) (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion to waive the initial partial filing fee (Docket #7) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon Defendants pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2),

(a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service;

**IT IS FURTHER ORDERED** that Defendants shall file a responsive pleading to the complaint;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $350.00 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined; and

**IT IS FURTHER ORDERED** that Plaintiff shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 9th day of August, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge