# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| TERRANCE LAVELL KIRKSEY,<br><br>                  Plaintiff,<br><br>v.<br><br>KENOSHA COUNTY DETENTION CENTER, DAVID BETH, LIEUTENANT BILL BETH, ANNA DEAN, GARY KONKEN, JACK OENNING, and MICHAEL SCHULZ,<br><br>                  Defendants. | Case No. 19-CV-602-JPS<br><br>**ORDER** |

On November 26, 2019, Defendants in the above-captioned case filed a motion to dismiss on the grounds that Plaintiff failed to exhaust his administrative remedies with regard to his complaint that his constitutional rights were violated when he was forced to clean his cell and jail common areas against his will. (Docket #29). Defendants supported their motion to dismiss with evidence outside the pleadings, which the Court must consider in order to evaluate whether Plaintiff's complaint was exhausted. *See* (Docket #31). On December 5, 2019, Plaintiff filed a "motion for an order to receive legal copies," the substance of which requests an order to allow Plaintiff to make photocopies. (Docket #34). The Court has no authority to unilaterally order an institution to allow a detainee to make copies, so this motion must be denied. On December 26, 2019, Plaintiff filed a series of exhibits including an incident report related to his lawsuit. (Docket #36-1). Plaintiff then responded to the motion to dismiss in a piecemeal fashion, construing it as a motion for summary judgment and arguing that qualified

immunity does not apply. (Docket #37, #38). Defendants did not submit a reply. For the reasons explained below, the motion to dismiss must be converted to a motion for summary judgment, and will be granted. The case will be dismissed without prejudice.

1.   **LEGAL STANDARD**

   1.1   **Motion to Dismiss/Motion for Summary Judgment**

"If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). "All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* Federal Rule of Civil Procedure 56 provides that the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Boss v. Castro*, 816 F.3d 910, 916 (7th Cir. 2016). A fact is "material" if it "might affect the outcome of the suit" under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The court construes all facts and reasonable inferences in the light most favorable to the non-movant. *Bridge v. New Holland Logansport, Inc.*, 815 F.3d 356, 360 (7th Cir. 2016).

   1.2   **Administrative Exhaustion**

The Prison Litigation Reform Act ("PLRA") establishes that, prior to filing a lawsuit complaining about prison conditions, a prisoner must exhaust "such administrative remedies as are available[.]" 42 U.S.C. § 1997e(a). To do so, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require," and he

must do so precisely in accordance with those rules; substantial compliance does not satisfy the PLRA. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005). A suit must be dismissed if it was filed before exhaustion was complete, even if exhaustion is achieved before judgment is entered. *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Several important policy goals animate the exhaustion requirement, including restricting frivolous claims, giving prison officials the opportunity to address situations internally, giving the parties the opportunity to develop the factual record, and reducing the scope of litigation. *Smith v. Zachary*, 255 F.3d 446, 450–51 (7th Cir. 2001). Failure to exhaust administrative remedies is an affirmative defense to be proven by Defendants. *Westefer v. Snyder*, 422 F.3d 570, 577 (7th Cir. 2005).

**2.    RELEVANT BACKGROUND**

Plaintiff alleges that was forced to clean his cell and the jail common areas. When he refused to clean, he was placed in solitary confinement for three days. Plaintiff concedes that he received a due process hearing before he was punished, (Docket #37 at 2), but submits that the punishment was unnecessarily harsh compared to the handbook's suggested repercussions for failing to clean, which include a loss of dayroom, television, and phone privileges. *Id.* He submitted three grievances, (Docket #31-3), and received a timely response as to each grievance, *id.* His first grievance documented the fact that he was forced to clean against his will. *Id.* at 1. His second grievance dealt with the fact that he did not receive a shower or recreation time while in administrative segregation. *Id.* at 5. His third grievance challenged how he was treated by one of the correctional officers, and seems to allege a failure to treat a mental health issue. *Id.* at 9. There is no appeal in the record.

Inmates are notified of the Kenosha County Detention Center Handbook ("the Handbook") upon arrival, and must sign a form acknowledging that they understand that they may request a print copy or access the Handbook electronically at their housing unit's kiosk. The Handbook's section on the "Inmate Grievance/Appeal Form" explains that inmates may submit "legitimate complaints and appeal[] disciplinary findings to a supervisor." (Docket #31-1 at 10). Complaints must be submitted within seven days of the complained-of incident. *Id.* A Shift Supervisor reviews all complaints and provides a response within seven days. *Id.* Detainees may appeal the Shift Supervisor's response "in writing to the Facility Administrator" within 72 hours of receipt. *Id.* To appeal, the detainee is instructed to "use another inmate Grievance Form" and "check the 'Appeal' box" at the top of the form. *Id.*

Plaintiff submitted three grievances and received timely responses. There is no evidence that he submitted an appeal, or that he tried to submit an appeal. He checked "grievance" for each new form submitted, rather than "appeal," and raised different issues each time he submitted a grievance.

3. **ANALYSIS**

Plaintiff argues that "there is no judicially imposed requirement that plaintiff exhaust administrative remedies prior to bringing suit[.]" (Docket #38 at 5). Plaintiff also states that he "exhausted all administrative remedies that were available." *Id.*

As the legal standard above makes clear, there are congressionally and judicially imposed requirements that a plaintiff exhaust his administrative remedies. *See* 42 U.S.C. § 1997e(a); *Pozo*, 286 F.3d at 1025; *Burrell*, 431 F.3d at 284–85. Moreover, although Plaintiff states that he

exhausted all available remedies, it is clear that he did not. *See* (Docket #31-3). He was informed of his ability to appeal in multiple ways—via the Handbook, the grievance form, and the Shift Supervisor's response to his appeal. While he submitted several grievance reports, he did not appeal any of them. Rather, he immediately and preemptively sought recourse in federal court. The Court must dismiss this case due to Plaintiff's failure to exhaust his administrative remedies.

4. **CONCLUSION**

For the reasons explained above, Defendants' motion to dismiss will be construed as a motion for summary judgment on the issue of exhaustion, and the case will be dismissed without prejudice.

Accordingly,

**IT IS ORDERED** that Defendants' motion to dismiss (Docket #29) be and the same is hereby **GRANTED** as stated in the terms of this Order;

**IT IS FURTHER ORDERED** that Plaintiff's motion for legal copies (Docket #34) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED without prejudice** due to a failure to exhaust administrative remedies.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 19th day of February, 2020.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge